PER CURIAM.
Appellants, custodians of a criminal defendant who had been granted a custody release, seek review of their convictions and sentences imposed for direct criminal contempt of court. The order[1] of custody reads as follows:
“CUSTODY RELEASE ORDER
This cause coming on to be heard before me, and the Court being advised in the premises,
IT IS THEREFORE ORDERED that the DEFENDANT
MORALES, RAFAEL 5860 W. 14 CT.
(Name) (Address)
be and he/she is hereby order released into the custody of:
PTS; joint with custodians_
(Name) (Address) (Tel. No.)
the said custodian to produce the defendant in Court at such time or times as directed by the Court.
IT IS FURTHER ORDERED that the defendant and the said custodian are to notify the Cleric of the Court, (1351 N.W. 12th Street, Miami, Florida, 33125) of any change in address or telephone number; and in the event that the defendant is not present in Court at any proceeding as directed by the Court, then both the said defendant and the said custodian are subject to an Order citing them for Contempt of this Court.
DONE AND ORDERED at Miami, Dade County, Florida, this day of MAR 18 1986 A.D., 19_.
CIRCUIT JUDGE MARGARITA ESQUIROZ”
The appellants failed to produce the defendant and the trial court held them in direct criminal contempt. No finding was made, nor would the record support a finding that any of the appellants were responsible for the failure of the defendant to appear for trial. We reverse upon the reasoning found in Dudley v. State, [2] 511 So. *11 2d 1052 (Fla. 3d DCA 1987), with directions to discharge the appellants.
Reversed with directions.

. Custody release is approved by Fla.R.Crim.P. 3.131(b)(l)(iv). The custody order in the instant case fails to adequately require the custodians to give notice to the proper authorities of the defendant’s violation of the custody order when any such violation may occur. If the custodians had the responsibility to report any violation it may be that their failure to inform could serve as a basis for a contempt finding, if a trial court should find that such a failure to notify assisted the defendant in his absenting himself from his required court appearance.

. We note that this opinion was rendered after the entry of the contempt orders by the trial court, which are under review.